IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAU ZUKERBERG, )<br>    Plaintiff  )<br> v.       )<br>         )<br>DISTRICT OF COLUMBIA BOARD OF )<br>ELECTIONS AND ETHICS and COUNCIL )<br>OF THE DISTRICT OF COLUMBIA, )<br>    Defendants. )<br>         ) | Case No. 1:13-cv-01557-JEB |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF
<u>HIS MOTION FOR A PRELIMINARY INJUNCTION</u>**

   Plaintiff, Paul Zukerberg, through counsel, and on behalf of himself and all D.C. voters, respectfully submits this supplemental brief in support of his motion for a preliminary injunction.

   1. At the November 7, 2013 oral argument on Plaintiff's motion, the Court and the parties discussed novel issues regarding whether this matter is ripe for judicial review in light of the unique nature of the "Congressional review period" for all D.C. legislation. The Court fairly questioned how it could take any action with respect to the "Delay Provision" contained within the "Elected Attorney General Implementation Amendment Act of 2013," D.C. Law 20-134 (the "2013 Act").[1] The Court analogized the situation to an act of Congress that the President has not yet signed, asking how the 2013 Act can be considered a final legislative act until such time as the Congressional review period passes. Plaintiff referred to the Congressional review period as a

---

[1] Namely, the 2013 Act's provision that states that the election of the D.C. Attorney General, as provided for in the "Attorney General for the District of Columbia Clarification and Elected Term Amendment Act of 2009," D.C. Law 18-160 & 18-160A, codified at D.C. Code §§1-204.35, 1-301.81 ("2010 Act"), "shall not be before January 1, 2018."

"condition subsequent" to an act that is, formally speaking, already a final act. Plaintiff suggested that therefore, the Court can take action with respect to the 2013 Act, and that any ruling can and should be confined to the unique and anomalous situation of how legislation is finalized in D.C.

    2.    It is important to parse carefully the precise language of the D.C. Home Rule Act, pertaining to the Congressional review period.  P.L. 93–198, 87 Stat. 774 (1973), codified at D.C. Code §§ 1-201.01-1-206.04.  The D.C. Home Rule Act §404(e), codified at D.C. Code § 1-204.04(e), provides that with respect to any act adopted by the Council and approved by the Mayor, "such act *shall become law* subject to the provisions of section 602(c)" (emphasis added).  Further, § 602(c)(1), codified at D.C. Code § 1-206.02(c)(1), provides that "such act shall take effect upon the expiration of the 30-calendar-day period" unless "during such 30-day period [Congress and the President enact] into law a joint resolution disapproving of such act."  If such a joint resolution is passed, this resolution is "deemed to have *repealed* such act" (emphasis added).

    3.    This language expressly provides that any act approved by the D.C. Council and Mayor is, in fact, a "law," excepting for the condition subsequent that Congress might take action to "*repeal*" such law.  "Repeal" is a word that can only apply to an act that is, in fact, a final act – otherwise, there is nothing to repeal.  To take the analogy of a Congressional act that has not yet been signed by the President (or a state act not yet signed by a Governor), the failure of the President to sign such an act does not "repeal" it – the act simply never comes into existence.  Here, by contrast, there is an act – the 2013 Act – and it is subject to being "repealed."

4.      This is a highly unique situation in D.C., whereby the third step, a non-repeal by Congress, is a clear condition subsequent to a final D.C. act.  It is more accurate to call the third step a Congressional *repeal* period.  That is the precise language of the Home Rule Act.

5.      In this case, it is critical to appreciate the interim period while we await the passing of the Congressional repeal period, because Defendant D.C. Board of Elections & Ethics ("BOE") has in fact taken action pursuant to the Delay Provision, even though the Congressional repeal period has not passed, and that action is causing irreparable hard to Constitutionally protected voting rights.

6.      In particular, BOE is currently interfering with and hindering the 2014 election of D.C. Attorney General by stating on its website, for voters and candidates, that the 2014 Attorney General election is merely "tentative," with an asterisk and other warning signs scaring off would-be candidates.  This BOE communication is pursuant to the illegal Delay Provision, and it is happening now.  This better answers the Court's opening question to Plaintiff: "*what would you like me to enjoin?*"

7.      The answer is the BOE's current conduct, which is causing concrete, immediate, and irreparable injury to constitutionally protected voting rights.  Plaintiff attaches hereto a Proposed Order that is narrowly tailored to this precise, current BOE conduct.  The order would have no impact on the D.C. Council itself.

8.      Such an injunction against Defendant BOE is necessary at this time because without it, the election is being actively undermined, today.  And without something in place, at the moment the Congressional repeal period passes, there is a possibility that BOE could halt the entire election, leaving an interim period between the

passing of the Congressional repeal period and the time it would take plaintiff to obtain an injunction, and during such interim period, the harm to the election process, and plaintiff's Constitutional rights, would be irreparable.

| | |
|---|---|
| Date:  November 11, 2013 | Respectfully submitted, |
| | REED SMITH LLP |
| | By: /s/Gary S. Thompson<br>Gary S. Thompson (#435315)<br>Marc S. Kaufman (#440124)<br>1301 K St., N.W., Suite 1100<br>Washington, D.C. 20005<br>Tel. (202) 414-9418<br>Fax (202) 414-9299<br>Email:  gthompson@reedsmith.com |
| | *Counsel for Plaintiff*<br>*Paul Zukerberg* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Supplemental Brief in Support of His Motion for a Preliminary Injunction and served this 11th day of November, 2013 via CM-ECF upon all counsel of record.

/s/Gary S. Thompson
Gary S. Thompson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL ZUKERBERG, ) | |
| ) | |
| Plaintiff ) | Case No. 1:13-cv-01557-JEB |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA BOARD OF ) | |
| ELECTIONS AND ETHICS, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

This cause is before the Court on plaintiff's motion for preliminary injunction, and that motion having been considered by the Court, along with any opposition all filings related hereto, and for good cause shown, it is this __th day of November 2013,

ORDERED, that the motion is granted, only as follows:

1. At issue is the "Delay Provision" contained within the "Elected Attorney General Implementation Amendment Act of 2013," D.C. Law 20-134 (the "2013 Act") – namely, the provision that provides that the election of the D.C. Attorney General, as provided for in the "Attorney General for the District of Columbia Clarification and Elected Term Amendment Act of 2009," D.C. Law 18-160 & 18-160A, codified at D.C. Code §§1-204.35, 1-301.81 ("2010 Act"), "shall not be before January 1, 2018." The 2013 Act awaits the passing of the Congressional review period provided for in §§404(e) and 602(c) of the D.C. Home Rule Act ("such act shall become law subject to the provisions of section 602(c)," which provides at § 602(c)(1) that "such act shall take effect upon the expiration of the 30-day calendar period" if within such 30-day period, Congress and the President have not "repealed such act.").

2. The Court finds that the Delay Provision contravenes the D.C. Charter, as amended by the 2010 Act, and the First and Fifth Amendments of the U.S. Constitution.

3. Therefore, Defendant D.C. Board of Elections & Ethics ("BOE") is hereby enjoined from taking any action pursuant to such Delay Provision, or in any way interfering, hindering, or delaying the election of D.C. Attorney General, commencing with the April 1, 2014 primary election, including but not limited to the following:

(a) BOE must remove from its current website, or any other materials, any reference to the election being a "tentative" matter, with an asterisk, or in any other way suggesting that the election will not, or may not, in fact take place starting with the April 1, 2014 primary. The Court finds that this current, active conduct by the BOE must be enjoined because it indicates to voters and candidates that the Delay Provision creates the possibility that the election will be delayed, when in fact it cannot be delayed, under the Constitution and the D.C. Charter, and such suggestions by the BOE could have a chilling effect on the current election process, to the irreparable damage of voters and potential candidates.

(b) Should the 30-day period of Congressional review for the 2013 Act pass, without Congress repealing the Delay Provision of the 2013 Act, the BOE shall not give any effect to the Delay Provision, shall ignore it as a nullity, and shall continue to prepare for and conduct the election of D.C. Attorney General in accordance with its required deadlines and all other rules and procedures pertaining to the election.

4. The Court issues no injunction against Defendant D.C. Council at this time.

5. The Court finds that such an injunction against Defendant BOE is necessary at this time because without it, the possibility of a halt in the election could have a chilling effect on the current election process, to the damage of voters and potential candidates. Otherwise, there could be an interim period between the passing of the Congressional review period for repealing the 2013 Act, and the time it would take plaintiff to obtain an injunction, and during such interim period, the harm to the election process, and plaintiff's Constitutional rights, would be irreparable.

Dated: _____

                                          JAMES E. BOASBERG
                                        United States District Judge

cc.

Gary Thompson
Reed Smith LLLP
1301 K Street, NW
Suite 1100 - East Tower
Washington, D.C. 200099-2118

Paul Zukerberg
Zukerberg Law Center, PLLC
1790 Lanier Place, NW
Washington, D.C. 20009-2118

Matthew Blecher
Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 4th Street NW, Suite 600S
Washington, DC 20001